**Frank E. HADDAD, Jr., Administrator of the Estate of Fannie Louise Rogers, Deceased, Appellant,**

v.

**Louise AVERY, Administratrix of the Estate of Daniel William Avery, Deceased, Appellee.**

Court of Appeals of Kentucky.

Nov. 20, 1970.

Edward M. Post, Robert A. Kohn, Taustine, Post, Berman Fineman & Kohn, Louisville, for appellant.

James G. Bowman, Hogan, Taylor, Denzer & Bennett, J. Earl Dearing, Louisville, for appellee.

DAVIS, Commissioner.

The appellant, as personal representative of Fannie Louise Rogers, deceased, obtained a verdict of $2,000 in a wrongful death action against the personal representative of the estate of Daniel William Avery. The death occurred in an automobile accident while decedent Rogers was riding as a passenger in a car driven by decedent Avery. There was no issue of liability, and only the issue of damages was submitted to the jury.

On this appeal the personal representative of Rogers asserts that prejudicial error was committed by admission of evidence that Rogers was separated from her own husband, living as a common-law wife of Avery, and in the past had had illicit relations with other men. Additionally, the appellant contends that the verdict of $2,000 for the death of a 40-year-old woman is palpably inadequate, especially when it is considered that the burial expenses were shown to be $1,408.88.

The trial of this case occurred in the circuit court before the decision of this court in Empire Metal Corporation v. Wohlwender, Ky., 445 S.W.2d 685. In the Wohlwender case, in which damages were being sought for the wrongful death of Mary Lou Parsons, the defendants proffered evidence tending to establish that Mary Lou Parsons, at the time of her death, was living illicitly with Larry Lee Noel (driver of the car in which she was a passenger in the fatal accident), though she was legally married to another man. In Wohlwender, the trial court refused admission of that evidence, and this court affirmed that ruling.

In Wohlwender, the court quoted with approval from St. Clair v. Eastern Air Lines, (2 Cir. 1960), 279 F.2d 119, 121, 99 A.L.R.2d 965, 970. In substance, the teaching of Wohlwender and the authorities upon which it is based is that:

" * * * evidence reflecting adversely on the moral character of the decedent

should be permitted only in the clearest of cases in which its probative value distinctly outweighs the prejudicial effect it is bound to have." Empire Metal Corporation v. Wohlwender, Ky., 445 S.W.2d 685, 688.

In the case before us, as was true in Wohlwender, the testimony concerning earning capacity was confined to a bare minimum wage of $30 per week as a menial servant, attending the needs of an elderly couple. Whether decedent Rogers was living in adultery with Avery at the time of her death, and whether she had been promiscuously amoral, had little or no bearing on her capacity to earn the bare minimum weekly income mentioned in the evidence.

Avery's former wife, who, as his personal representative was the defendant in the trial court, was permitted to relate evidence tending to indicate that decedent Rogers had willfully broken up the marriage between Avery and his first wife. To this was added the plain inference that Avery periodically failed to support his minor children and that decedent Rogers was, to some extent, responsible for that reprehensible conduct. Without further detailing the evidence, it seems abundantly plain that references to these aberrations from accepted moral conduct were calculated only to inflame the jury against the estate of decedent Rogers. If these activities had any relevance to the issue of measuring the decedent's power to earn money, which is quite doubtful, the obvious prejudicial effect of such testimony so far outshadowed any relevance it bore as to bring it within the exclusionary principles enunciated and expressed in Wohlwender.

The appellee, without conceding that improper evidence was admitted, contends that in any event there was no prejudice in view of the past health and employment records of the decedent Rogers. We are unwilling to engage in that speculation. The appellant was entitled to have the issue of the measure of recovery resolved by a jury uninfluenced by patently inadmissible and inflammatory evidence. We do not decide, but reserve without decision, whether the verdict was inadequate.

The judgment is reversed for further proceedings consistent with the opinion.

All concur.